**John HARVEY, Petitioner—Appellant,**

v.

**State of NEVADA, Respondent— Appellee.**

**No. 02–17526.
D.C. No. CV–98–00153–LRH/VPC.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided March 4, 2004.

Michael K. Powell, FPDNV–Federal Public Defender's Office (Reno), Reno, NV, for Petitioner–Appellant.

Robert E. Wieland, Deputy Atty. Gen., Office of the Attorney General, Reno, NV, for Respondent–Appellee.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

---

**134**

MEMORANDUM *

Under the Anti–Terrorism and Effective Death Penalty Act (AEDPA), federal district courts ordinarily presume that state court factual findings in habeas petitions are correct. 28 U.S.C. § 2254(e)(1). However, when a state court refuses to hold an evidentiary hearing, AEDPA's standard of review, allowing the state court a "presumption of correctness," does *not* apply, and the district court is required to grant the petitioner an evidentiary hearing. 28 U.S.C. § 2254(e)(2); *Norris v. Risley*, 878 F.2d 1178, 1180 (9th Cir.1989); *Nunes v. Mueller*, 350 F.3d 1045, 1055 (9th Cir.2003); *Killian v. Poole*, 282 F.3d 1204, 1208 (9th Cir.2002).

Whether the magistrate judge improperly presumed the correctness of the state court's factual findings here, any failure is harmless error. The district judge determined, adopting the findings and recommendation of the magistrate judge following an evidentiary hearing, that victim-witness Houston Coleman's recantation was not credible. We do not find that the magistrate clearly erred in so finding. *See McClure v. Thompson*, 323 F.3d 1233, 1241 (9th Cir.2003). As such, Coleman's testimony cannot form the basis of a claim that the prosecution knowingly and willingly used perjured testimony to secure Harvey's conviction—Harvey's only constitutionally cognizable claim. *See U.S. v. Bagley*, 473 U.S. 667, 678–80, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Napue v. Illinois*, 360 U.S. 264, 269–72, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). Thus, the district

court properly denied the petition for habeas corpus.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

